431 A.2d 338

**In re CUSTODY OF Jessica Michelle SCOTT, a Minor.**

**Appeal of Geraldine Burns SCOTT.**

Superior Court of Pennsylvania.

Argued April 20, 1981.

Filed June 19, 1981.

Susan Apel, Huntingdon, for appellant.

Charles B. Swigart, Huntingdon, for appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Huntingdon County and involves appellant's appeal from a custody order of the court below which awarded custody of parties' child, Jessica Michelle Scott, born on March 17, 1978 to the child's father. The appellant, mother of the child, claims that the court below erred by applying the "best interest of the child" test to the instant situation because the contest was not really one between the natural parents of the child but was a contest between appellant and the child's paternal grandparents.

The appellant, Geraldine Burns Scott, the child's mother, married Timothy A. Scott, the child's father, on December 3, 1977. The parties resided together until April, 1980, when the appellant left the parties home in Williamsport, Pennsylvania with the child and went to California to reside with appellant's aunt. Approximately one month later, Timothy Scott, the child's father, and his parents went to California and brought the child to Petersburg, Pennsylvania. They then filed a custody petition in the lower court seeking legal custody of the child. Hearings were held pursuant to the custody petition on June 26, 1980 and on July 3, 1980 after which the court below entered an order on August 20, 1980 awarding custody of the child to her father. The appellant then took the instant appeal.

In awarding custody of the child to her father the court below found that "the best interests and welfare" of the child mandate that her father have custody of her. Liberal visitation rights were provided to the appellant. Appellant argues that the real parties in interest in this proceeding are the paternal grandparents of the child and that therefore the court below erred when it applied the "simple best interest" test to this proceeding since, in actions involving custody disputes between a natural parent of a child and third parties, "convincing and compelling" reasons must be shown for awarding custody to third persons instead of a natural parent. Appellant points to the fact that the paternal grandparents joined in the father's custody petition and

sought joint custody of the child. She also points to the fact that the father, age 19, is a college student in Williamsport and that the child resides with the paternal grandparents in Logan Township, outside of Petersburg Borough, in Huntingdon County, Pennsylvania.

The testimony adduced at the hearings indicated that the child's father was born on July 23, 1961 and that he resides with his parents at their Huntingdon County home. He is presently a student at Williamsport Community College and had been employed during the summer months for the Alexandria Water Company as a CETA employee. The testimony further revealed that there would be someone available to care for the child during the time that her father was at school, that the father would return home on weekends from school, and that his permanent residence was with his parents. It was also established that the home where the father was living was modern and adequate in every way and that the child's material needs would be fulfilled if her father was awarded custody of the child. The father's parents' home is situated on a 117 acre farm and his parents have been married to each other for thirty (30) years. The father attends church regularly in Petersburg.

The appellant was born on January 4, 1961. At the time of the hearing she had returned to Pennsylvania and had taken a job as a factory worker at a wage of $3.50 per hour. She was the product of a broken home, her mother is deceased, and she has little contact with her father. The appellant also expressed a desire to further her education by obtaining a nursing degree. The only person to care for the child in that event would be her aunt in California and the nursing school she planned to attend was located 25–30 miles from her aunt's home. The parties stipulated, however, that the aunt's home would be a satisfactory place in which to raise a child.

The court found that both parents have had serious problems coping with their immaturity, marriage, marital problems, poverty and the problems of raising the child but that

both have shown real maturity and personal growth; that both parents were proper persons to have custody of the child; but that the best interests of the child would be served by placing her with her father because his situation offers more stability and resources for the child. The court did not award custody of the child to her paternal grandparents, but awarded custody solely to the father. In so doing it did take into account the ability and willingness of the paternal grandparents to help their son in providing for the child's needs.

In Custody contests between the parents of a child and third persons the applicable test remains the best interest of the child, however, in such cases the nonparents bear a heavy burden of producing evidence tending to show that the best interests of the child will not be served by awarding custody to the parent. In other words parents are to be favored over nonparents in custody disputes unless it can be clearly demonstrated that the best interests of the child will not be served by awarding custody to the parent. See *Albright v. Comm. ex rel fetters*, 491 Pa. 320, 421 A.2d 157 (1980). In the instant case we are not confronted with a situation wherein custody was awarded to a nonparent. The custody award grants custody to the father of the child; not to the paternal grandparents. Merely because the father of the child resides with his parents and that his parents are willing and able to assist him in caring for the child's needs does not mean that his parents have been awarded custody of the child. *McCann v. McCann*, 270 Pa.Super. 171, 411 A.2d 234 (1979). In the instant case the appellant indicated that she intended to attend nursing school in California and that, in that event, her aunt and her aunt's uncle would have to support her in caring for the child. Thus, were we to hold that this dispute was one between the appellant and the father's parents it could also be argued that appellant's aunt and uncle were also participants to the action since their support of her and the child would be required for her to adequately provide for the child's needs. Suffice it to say that the issue of the support which third parties are able and

willing to lend to a parent seeking custody of a child is one factor to be considered in determining whether that parent should be awarded custody of the child, but the fact that such support may be forthcoming does not substitute said third parties for the parent as a party to the action. A review of both parents' circumstances and the trial court's copious opinion reveals that it properly considered all aspects of the circumstances of both parents and properly concluded that the best interests of the child would be served by awarding custody to her father.

Order affirmed.